# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ANDRE LEMAURIO JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 3:22-cv-00174 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| JOSEPH ROBINETTE | ) |
| BIDEN, JR., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Andre Lemaurio Johnson filed a pro se Complaint against President Joseph R. Biden, Jr., nine senior United States officials, two Illinois state officials, and the Tennessee Attorney General. (Doc. No. 1). The Court found that the Complaint did not include a "short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(1), or establish federal subject-matter jurisdiction. (Doc. No. 6). Thus, the Court directed Plaintiff to submit an Amended Complaint that: (1) "in a short, plain, and organized manner, sets forth Plaintiff's claim or claims against each Defendant and provides factual allegations sufficient to show that Plaintiff has a plausible right to relief"; and (2) demonstrates federal subject-matter jurisdiction by satisfying the requirements for diversity-of-citizenship jurisdiction or asserting a claim arising under federal law. *Id*. The Court warned Plaintiff that failure to comply would result in dismissal of the Complaint. *Id*. at 3. In addition, the Court specially cautioned Plaintiff against again basing the Amended Complaint on "meritless rhetoric frequently espoused by tax protestors, sovereign citizens, and self-proclaimed Moorish-Americans." *Id*. (quoting *United States v. Coleman*, 871 F.3d 470, 476 (6th Cir. 2017)).

In response, Johnson submitted an Amended Complaint that plainly fails to comply with the Court's Order. (Doc. No. 7). Federal Rule of Civil Procedure 8 is intended to "make complaints simpler, rather than more expansive." *Kuot v. Corr. Corp. of Am.*, No. 1:16-cv-00006, 2018 WL 655158, at *1 (M.D. Tenn. Feb. 1, 2018) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8, "the only permissible pleading in a federal district court is a short and plain statement of the claim showing that the pleader is entitled to relief on any legally sustainable grounds." *Dixon v. Metro Nashville Police Dep't*, No. 3:20-cv-00991, 2020 WL 7641190, at *4 (M.D. Tenn. Dec. 23, 2020) (quoting *Kuot*, 2018 WL 655158, at *1). "This is to avoid situations . . . wherein the pleading is so verbose that the Court cannot identify with clarity the claim(s) of the pleader and adjudicate such claim(s) understandingly on the merits." *Id*.

Here, the Amended Complaint "is neither short nor plain. The allegations therein are not simple, concise, and direct." *Kuot*, 2018 WL 655158, at *2. To the contrary, the single-spaced, fifty-one page document "veers from conclusory to disorganized," and it is replete with confusing or wholly-incomprehensible contentions arising from the very "meritless rhetoric" that plagued the original Complaint.[1] *Id*. Put simply, the Amended Complaint makes it far too difficult to discern Plaintiff's claims. *See Brown v. Mastauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("The cannot create a claim which [Plaintiff] has not spelled out in his pleading."). Thus, "responding to the [Amended] Complaint would place an undue burden on Defendants, and—just as importantly—the continuation of this action as currently devised would impose a huge burden on the Court in attempting to manage this case." *Kuot*, 2018 WL 655158, at *2; *see also Schied v. Daughtrey*, No. 08-14944, 2008 WL 5422680, at *14 (E.D. Mich. Dec. 29, 2008) ("When faced with voluminous pleadings, neither the Court nor opposing counsel should be required to expend

---

[1] Plaintiff's *797 pages* of exhibits to the Complaint are also disorganized, unintelligible, and largely irrelevant. (*See* Doc No. 7-1 to 7-19).

2

time and effort searching through large masses of conclusory, argumentative, evidentiary and other extraneous allegations in order to discover whether the essentials of claims asserted can be found in such a mélange."). Such a complaint is subject to dismissal. *See Kuot*, 2018 WL 655158, at *1 ("Complaints that are too long, circuitous, disorganized, confusing, or argumentative may be dismissed."); *Smith v. City of Chattanooga*, No. 1:10-cv-206, 2010 WL 5257238, at *2 (E.D. Tenn. Dec. 17, 2010) (dismissing complaint that is "replete with so much irrelevant information that the Court is unable to determine the precise nature of [the plaintiff's] claims"); *Brown v. Knoxville News-Sentinel*, 41 F.R.D. 283, 283 (E.D. Tenn. 1966) (dismissing lengthy complaint because it was "so prolix, loosely drawn, and involved as to be unintelligible").

Plaintiff also has not made a serious attempt to demonstrate federal subject-matter jurisdiction, relying instead on indecipherable references and bizarre contentions. As an example, Plaintiff appears to suggest that the Court should exercise diversity-of-citizenship jurisdiction because the $75,000 jurisdictional amount is a "symbol" that "lacks specificity." (Doc. No. 7 at 4). Likewise, Plaintiff's esoteric references to various Constitutional provisions, historical documents, and international treaties are unsupported by any relevant factual allegations.[2] *See id*. Plaintiff has neither met the requirements for diversity-of-citizenship jurisdiction, *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) or stated a non-frivolous claim under federal law. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006).

---

[2] The Complaint also invokes "admiralty and maritime jurisdiction." (Doc. No. 1 at 3). However, "[a]dmiralty cases are not brought into federal court under federal-question jurisdiction." *Lewis v. Foster*, No. CV-18-60-DLB-CJS, 2018 WL 4224445, at *3 (E.D. Ky. Sept. 5, 2018) (citing *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 378-79 (1959)). Rather, pursuant to 28 U.S.C.§ 1331(1), federal courts have admiralty or maritime jurisdiction over civil cases with claims that "arise under a 'maritime contract.'" *N.H. Ins. v. Home Sav. & Loan Co. of Youngstown*, 581 F.3d 420, 423 (6th Cir. 2009). Whether a contract qualifies as a maritime contract depends upon its nature and character, but "the true criterion is whether [the contract] has reference to maritime service or maritime transactions." *Id*. (quoting *Norfolk S. Ry. v. Kirby*, 543 U.S. 14, 24 (2004)). Because Plaintiff makes no allegation of any kind regarding a maritime contract, he has not demonstrated that Section 1331(1) confers jurisdiction on the Court.

In sum, the Amended Complaint is subject to dismissal because, despite clear instructions from the Court, Plaintiff has not satisfied Rule 8(a) or shown that subject-matter jurisdiction exists. Because Plaintiff has wholly failed to respond to his opportunity for compliance, *Dixon*, 2020 WL 7641190, at *5, prolonging this case would be inappropriate and futile. This case is therefore **DISMISSED WITHOUT PREJUDICE**.

Finally, the Court "has inherent authority to issue an injunctive order to prevent prolific litigants from filing harassing and vexatious pleadings." *Clemons v. DeWine*, No. 19-3033, 2019 WL 7567197, at *3 (6th Cir. May 1, 2019). Plaintiff has now been cautioned against such conduct in three actions brought against these and similar Defendants. Each time, the Court warned Plaintiff that the "submission of pleadings comprised primarily of similar meritless rhetoric that plainly fail to comply with the Federal Rules of Civil Procedure or Local Rules of Court may be considered vexatious behavior subject to sanctions, including an appropriately tailored filing restriction." (Doc. No. 6); *Johnson v. Rettig*, Case No. 3:21-cv-431 (Doc. No. 18); *Johnson v. Rettig*, Case No. 3:21-cv-750 (Doc. No. 8). There is no indication that Plaintiff has heeded these warnings. Although sanctions have not issued to date, the Court's patience is not limitless. Accordingly, the submission of similar frivolous filings in this case or any new action may result in a *sua sponte* injunctive order to prevent further harassing or vexatious conduct.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE